**ROLAND G. HARDY, JR. & ASSOCIATES, P.C.**
30 E. Centre Street
Woodbury, New Jersey 08096
(856) 848-3355
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

**RAYMOND LANKFORD and YOLANDA LANKFORD**

               Plaintiffs,       Civil Action No. *04 1 02636*

                                                          *(JBS)*

v.

**E. ALBERT IRBY, FIRST ROUND**       **COMPLAINT AND**
**SPORTS, INC., PREMIER MANAGEMENT**  **DEMAND FOR JURY TRIAL**
**GROUP, INC., PMG SPORTS, INC.,**
**FREDRICK B. CLARK, ALPHA PACIFIC, LLC,**
**FRANK L. KETSCHEK, GARY W. WALDO,**
**MERRIL LYNCH INVESTMENT**
**MANAGEMENT CO.; VAUGHN G.**
**BRENNAN, DALE IRBY, RANDY LETANG,**
**PHARMACEUTICAL HEALTH MANANGEMENT**
**Co., Individually and in their official**
**capacities; Jointly, severally, and/or in the**
**alternative,**

               **Defendants.**

---

      Plaintiffs, Raymond Lankford and Yolanda Lankford, by way of Complaint against

Defendants, E. Albert Irby, First Round Sports, Inc., Premier Management Group, Inc., PMG

Sports, Inc. Fredrick B. Clark, Alpha Pacific, LLC., Frank L. Ketschek, Gary W. Waldo, Merrill

Lynch, Vaughn G. Brennan, Merrill Lynch Investment Management Company, Dale Irby, Randy

Letang, Jean Finole, LLC, and Pharmaceutical Health Management Company, say:

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiffs, Raymond Lankford and Yolanda Lankford, are husband and wife and are individuals with a home address of 15 Terry Hill Lane, St. Louis, Missouri.

2.      Defendant, E. Albert Irby ("Al Irby"), is an individual with a business address of 1000 White Horse Road, Suite 700, Voorhees, New Jersey 08043.

3.      Defendant, Fredrick B. Clark, is an individual with a business address at 2001 Highway 82 West, Greenwood, Mississippi 38930.

4.      Defendant, First Round Sports, Inc. ("FRS"), is a corporation organized under the laws of the State of New Jersey with a principal place of business at 1000 White Horse Road, Suite 700, Voorhees, New Jersey 08043. Defendant Al Irby was an agent, employee, officer and principal of Defendant FRS.

5.      Defendant, Premier Management Group ("PMG"), is a corporation organized under the laws of the State of Tennessee with a principal place of business at 1114 17th Avenue South, Suite 201, Nashville, Tennessee. At all times relevant defendant PMG is a successor in interest of Defendant FRS. Defendant, PMG Sports, Inc. is a wholly owned subsidiary of Premier Management Group with principal place of business at 1114 17th Avenue South, Suite 201, Nashville, Tennessee. Defendants Irby and Clark were agents, employees, officers and/or principals of Defendants Premier Management Group and PMG Sports, Inc.

6.      Defendant, Alpha Pacific, LLC, is a limited liability corporation purportedly engaged in the business of investment banking. Its office is located at 269 S. Logan Avenue, Audubon, New Jersey 08106.

7.      Defendant Frank L. Ketschek ("Ketschek"), is an individual with a business

address of 269 S. Logan Avenue, Audubon, New Jersey 08106. He is an agent, employee, officer and principal of Defendant Alpha Pacific, LLC.

8.     Defendant Gary W. Waldo (Waldo), is an individual with a business address of 269 Logan Avenue, Audubon, New Jersey 08106. He is an agent, employee, officer and principal of Defendant Alpha Pacific, LLC.

9.     Defendant Merrill Lynch Investment Management Company is a financial investment firm doing business at 100 East Pratt Street, 22nd Floor, Baltimore, Maryland 21202

10.     Defendant Vaughn C. Brennan ("Brennan"), is an attorney and agent of Alpha Pacific. At relevant times, Defendant Brennan operated a law practice in Pensacola, Florida. Defendant Brennan's address if 405 Glen Mead Court, Gretna, Louisiana 70056.

11.     Defendant Dale Irby is an individual with a business address of 1000 White Horse Road, Voorhees, New Jersey. He is an agent, employee, officer and/or principal of Jean Finole, LLC and Pharmaceutical Health Management Co. (PHMC).

12.     Defendant Randy Letang is an individual with a business address of 1000 White Horse Road, Voorhees, New Jersey. He is an agent, employee, officer and/or principal of Jean Finole, LLC. and PHMC.

13.     Defendant Pharmaceutical Health Management Co. is a corporation organized under the laws of the State of New Jersey with a principal place of business at 1000 White Horse Road, Suite 700, Voorhees, New Jersey.

14.     The amount in controversy between the parties is in excess of $75,000.00.

15.     Jurisdiction is based upon diversity of citizenship under 29 U.S.C. Section 1332. All plaintiffs are citizens of Missouri. The defendants are citizens of New Jersey, Louisiana, Pennsylvania and Maryland.

## COUNT ONE – THEFT

16.     Defendant Al Irby has operated as a professional sports agent and financial advisor to professional athletes for several years.

17.     Defendants Al Irby, Fredrick B. Clark, FRS, and PMG have also served as agent and financial advisor to both plaintiffs during the relevant times.

18.     In the capacity of financial advisor, Defendants Irby, Clark, FRS and PMG were to manage Plaintiffs' investments, provide tax planning and preparation services, pay Plaintiffs' bills, prepare and monitor Plaintiffs' annual budget and provide monthly reports to Plaintiffs on Plaintiffs' financial position.

19.     At all relevant times, plaintiffs' pay check would be forwarded directly to FRS and/or PMG, where Defendant Al Irby and/or Clark would, among other things, pay plaintiffs' bills and oversee the investment of remaining funds.

20.     Defendant Al Irby had a limited power of attorney, which allowed him to pay authorized bills on behalf of the plaintiffs, including agent and financial services fees owed by the plaintiffs.  With the approval of the plaintiffs, he was authorized to invest money in accounts held with Merrill Lynch and Dean Witter.  Defendant was not authorized to lend plaintiffs' money to anyone or any organization, without the consent of plaintiffs.

21.     In 1997, Mr. Lankford entered into a $34 million, five (5) year contract with the St. Louis Cardinals for the baseball seasons beginning in 1998 and ending in 2002.  This contact was negotiated by Stanley King ("King"), an employee of FRS at the time.  Pursuant to Mr. Lankford's agreement with FRS, FRS would receive five percent (5%) of this contact as agent fees over a period of five years and one percent (1%) as financial services fees over a period of

4

five years. Thus, the total fees owed over the life of the contract were $2,040,000 million, representing $1,700,000 in agent fees and $340,000 in financial services fees.

22.     In or about April 1999, King left the employment of FRS. Plaintiff Ray Lankford informed Defendant Al Irby of his decision to have King represent him as a baseball agent. Plaintiff Ray Lankford also informed Irby that FRS could continue to provide financial management services to plaintiffs.

23.     Under an agreement between the plaintiffs, King and Al Irby, King was to be paid $150,000 each year as agent fees over the remainder of Lankford's contract. The remaining agent fees were to be paid to FRS. FRS continued to receive full payment for financial services fees. Plaintiffs authorized the fees due to King to be paid directly from plaintiffs' account, through the bill paying services offered to plaintiffs by FRS.

24.     On or about 2000, defendant FRS was sold to, merged with or otherwise began operating with PMG, at which time defendant PMG assumed the obligations of FRS.

25.     On or about 2000, after the sale or merger with PMG, President Fredrick B. Clark and defendant Al Irby visited plaintiffs at their home in St. Louis. Clark welcomed plaintiffs to the PMG family and told them he looked forward to working with them.

26.     During an audit of the plaintiffs' financial records at PMG in October 2002, it was discovered that the following sums were taken as agent and financial services fees:

| Year | Amount |
|------|--------|
| 1998 | 350,000 |
| 1999 | 745,000 |
| 2000 | 785,000 |
| 2001 | 752,000 |

| 2002 | 455,000 |
| Total | 3,087,000 |

27.   During the period between 1999 and 2002 defendants Al Irby, Fredrick B. Clark FRS, PMG and PMG Sports, Inc. made payments to themselves in the amount of $1,047,000 over and above the amount of fees they were entitled to under contract with the plaintiff Ray Lankford.

28.   The actions of defendants Al Irby, Fredrick B. Clark, FRS, PMG and PMG Sports, Inc. as described above, were with the intent to permanently deprive plaintiffs of the use of their monies and as such constitute theft.

29.   Despite repeated demands by plaintiffs for the return of their money, defendants have only returned $315,000.

30.   The actions of the defendants were willful or in reckless disregard for the rights of the plaintiffs.

WHEREFORE Plaintiffs demand judgment against the defendants as follows:

A.    $732,000 in compensatory damages together with interest and costs;

B.    Punitive damages;

C.    Reasonable attorney fees;

D.    Such other damages as the court shall deem reasonable.

## COUNT TWO

### Fraud as to Al Irby, Fredrick B. Clark, FRS, PMG, PMG Sports, Inc.

31.   Plaintiffs repeat and reallege the allegations of paragraphs 1 through 30 of the herein complaint as if fully set forth.

6

32.     Defendants Al Irby, Fredrick B. Clark, FRS, PMG and PMG Sports, Inc., for the purpose of financial gain, intentionally withheld financial records and reports from plaintiffs and made false and misleading statements, representations and/or submissions in order to hide excessive fee payments.

33.     The defendants perpetrated a fraud on the plaintiffs as a result of such intentional acts.

34.     As a direct and proximate result of the defendants fraudulent actions, plaintiffs suffered economic damages.

35.     The actions of the defendants were willful and/or in reckless disregard to the rights of the plaintiffs.

WHEREFORE Plaintiffs demand judgment against the defendants Al Irby, Fredrick B. Clark, FRS, PMG and PMG Sports, Inc. as follows:

        A.     Compensatory damages together with cost and interest;

        B.     Punitive damages;

        C.     Reasonable attorney fees;

        D.     Such other damages as the court shall deem appropriate.

### COUNT THREE

### Breach of Fiduciary Duties by Irby and Merrill Lynch

36.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 of the herein complaint as if fully set forth herein.

37.     At all times relevant hereto, Jinesh Brahmbhatt was an employee and/or agent of defendant Merrill Lynch, acting within the scope of his employment or agency.

38.     In or about March 2000, Defendant Dale Irby introduced Jinesh Brahmbhatt to Defendant Al Irby, for the purpose of soliciting business from Defendant Al Irby.  Knowing that his son, defendant Dale Irby and defendant Letang were attempting to launch a commercial venture, Defendant Al Irby, as plaintiffs' financial advisor, recommended that Plaintiffs open an account with Merrill Lynch, through Merrill Lynch's agent, Brahmbhatt.  Plaintiffs agreed to this and were subsequently introduced to Mr. Brahmbhatt.  They opened an account with Merrill Lynch.

39.     On or about March 27, 2000, Defendants Letang and Dale Irby entered into an agreement with Ketschek, an agent of Defendants Alpha Pacific and First Fidelity.  Pursuant to this agreement, Randy Letang and Defendant Dale Irby were to pay $475,000 to Defendant Alpha Pacific as security for a U.S. Treasury backed surety bond.

40.     On or about April 1, 2000, Defendant Al Irby directed Defendant Merrill Lynch, through its agent and employee Jinesh Brahmbhatt, to transfer $475,000 from Plaintiffs' Merrill Lynch account into the attorney trust account of Defendant Brennan on behalf of Alpha Pacific. These funds were used to fulfill the obligation of Randy Letang, Defendant Dale Irby and Jean Finole as described in the foregoing paragraphs.  This request by Defendant Al Irby was made without Plaintiffs' knowledge or authorization.

41.     Brahmbhatt authorized the transfer of said monies without approval and/or appropriate documentation by plaintiffs.  Plaintiffs were without knowledge of the transfer.

42.     Defendant Merrill Lynch transferred the above monies in violation of its fiduciary duty to plaintiffs and in contravention to federal regulations.

43.     Plaintiffs first learned of this transaction in October 2002, when a financial audit of their records at PMG was conducted.

8

44.     Despite repeated demands for the return of their funds, plaintiffs have not received the funds.

WHEREFORE plaintiffs demand judgment against defendants, Al Irby and Merrill Lynch, jointly, severally or in the alternative, as follows:

A.      Compensatory damages in the amount of $475,000 together with pre/post judgment interest for breach of fiduciary duties;

B.      As to Merrill Lynch, compensatory and punitive damages for violation of federal regulations;

C.      For reasonable attorney fees together with costs and interest;

D.      Such other damages as the court may deem appropriate.

## COUNT FOUR

### Fraud, Theft, Conversion, Breach of Fiduciary Duties by Al Irby, Dale Irby, Letang, Jean Finole LLC, Brennan, Ketschek, Waldo, and Alpha Pacific,

45.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 and 37 through 43 of the herein complaint as if fully set forth herein.

46.     Underlying the agreement described in Paragraph 39, was a scheme fashioned by Defendants Brennan, Alpha Pacific, Ketschek, and Waldo to defraud plaintiffs of their funds. Pursuant to this scheme, $475,000 was to be deposited into the attorney trust account of Defendant Brennan, an agent for Defendants Ketschek, Waldo and Alpha Pacific to be used "for the guarantee of a Treasury-Backed Surety Bond in the amount of $50,000,000 The funds were withdrawn by Brennan and a portion forwarded to Ketschek and Waldo as fees while the remainder was forwarded to another account and disposed of. Although the $475,000 was not to

be spent or otherwise allocated until the Surety Bond was secured, said funds have been disposed of by defendants for personal gain.

47.     After Dale Irby, Letang and Alpha Pacific entered into the agreement, defendants stated that the agreement was made on behalf of Plaintiff Raymond Lankford, even though plaintiffs had no knowledge of the agreement nor did they know Defendant Letang.

48.     Defendant Dale Irby knew he was not authorized to enter into any agreements on behalf of the plaintiffs.  Defendant Dale Irby further knew that he was not authorized to use plaintiffs' funds for the purpose described in Paragraph 39.

49.     Despite requests by Plaintiffs to Defendants for the return of these funds, these monies have not been returned.

WHEREFORE Plaintiffs demand judgment against defendants Dale Irby, Randy Letang, Brennan, Ketschek, Waldo, Alpha Pacific, and Al Irby as follows:

        A.     For compensatory and punitive damages together with costs, interest and attorney fees for fraud;

        B.     As to Al Irby, compensatory damages together with costs, interest and attorney fees for breach of fiduciary duties;

        C.     As to Brennan, Ketschek, Waldo, and Alpha Pacific, compensatory and punitive damages together with costs, interest and attorney fees for theft and conversion;

        D.     Such other damages as the court shall deem appropriate.

## COUNT FIVE

### Negligence

50.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 49 of the herein complaint as if fully set forth.

51.    Merrill Lynch's agent, Jinesh Brahmbhtt, knew or should have known that Irby was not authorized to transfer funds from plaintiffs' account.

52.    Defendant Merrill Lynch negligently failed to confirm the request for transfer of funds with the plaintiffs.

53.    As a result of defendant's failure to confirm the transfer, said funds were wrongfully wired to the Brennan account and plaintiffs have suffered loss in the amount of $475,000 together with interest.

WHEREFORE, plaintiffs demand judgment against defendant Merrill Lynch for compensatory and punitive damages, interest and costs of suit, and attorney fees.

## COUNT SIX

### Fraud, Conversion, Breach of Fiduciary Duty and Unauthorized Appropriations as to

### Al Irby, FRS, PMG, PMG Sports Inc., Dale Irby, Randy Letang & PHMC

54.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 of the herein complaint as if fully set forth herein.

55.    On or about August 19, 2002, Defendants Al Irby,   PMG Sports, Inc., and PMG made an unauthorized loan of $75,000 of plaintiffs' money to PHMC, Dale Irby and Randy Letang.

56.    Defendants Letang and Dale Irby, as officers and/or agents of PHMC, knew or should have known that Defendants Al Irby, PMG Sports, Inc. and PMG were not authorized to use plaintiffs funds for these purposes.

57.     Despite repeated requests by Plaintiffs for the return of their funds, Defendants PHMC, Dale Irby and Randy Letang have not repaid plaintiffs' monies.

WHEREFORE Plaintiffs demand judgment against defendant Dale Irby, Randy Letang, PHMC, Al Irby, PMG Sports, Inc. and PMG as follows:

A.     For compensatory and punitive damages together with costs, interest and attorney fees for the unauthorized appropriation of plaintiffs' funds;

B.     For compensatory and punitive damages together with costs, interest and attorney fees for fraud and conversion;

C.     As to Al Irby, for compensatory and punitive damages together with costs, interest, and attorney fees for breach of fiduciary duties;

D.     Such other damages as the court shall deem appropriate.

## COUNT SIX

### Breach of Contract

### Ketschek, Waldo, Alpha Pacific

58.     Plaintiff repeat and reallege the allegations of paragraphs 1 through 15 of the herein complaint as if fully set forth.

59.     Defendants, Ketschek and Waldo represented to plaintiffs' agent Irby that they would guarantee the return of $475,000 plus interest if said amount were to be transferred to them to secure U.S. Treasury-Backed Surety Bond.

60.     In reliance upon defendants' representation, on or about April 1, 2000, plaintiffs' agent caused $475,000 of plaintiffs' funds to be transferred to defendants' designee, Brennan.

61.     Although said funds were not to be spent or otherwise allocated until the Surety was secured, said funds have been disposed of by defendants for personal gain.

62.    Underlying the representation described in the foregoing paragraphs, was a scheme fashioned by Defendants Brennan, Alpha Pacific, Ketschek, and Waldo to defraud plaintiffs of their funds.  Pursuant to this scheme, $475,000 was to be deposited into the attorney trust account of Defendant Brennan, an agent for Defendants Ketschek, Waldo and Alpha Pacific to be used "for the guarantee of a Treasury-Backed Surety Bond in the amount of $50,000,000. The funds were withdrawn by Brennan and a portion forwarded to Ketschek and Waldo as fees while the remainder was forwarded to another account and disposed of.

63.    Despite repeated requests for return of said funds with interest pursuant to defendants guarantee, defendants have refused to do so.

WHEREFORE, plaintiffs demand judgment against the defendants, Alpha Pacific, LLC, Ketschek and Waldo for compensatory damages in the amount of $575,000; punitive damages in the amount of $500,000 together with interest and costs of suit, including reasonable attorney fees, and such other relief as the court may deem appropriate.

## COUNT SEVEN

### Misappropriation, Breach of Fiduciary Duty, Conversion as to Al Irby and Dale Irby

64.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 of the herein complaint as if fully set forth herein.

65.    Throughout their management of plaintiffs' financial affairs, Defendants Al Irby, FRS, PMG Sports, Inc. and PMG purchased unnecessary whole life insurance policies for plaintiffs and their family.  By the time of the plaintiffs' financial audit in 2002, plaintiffs have life insurance premiums totaling approximately $120,000 annually.

66.    Policies of insurance were purchased by defendant Al Irby from defendants Dale Irby and a friend of Dale Irby.

13

67.     Upon Information and belief, Defendants Al and Dale Irby received kickbacks for insurance policies purchased on behalf of plaintiffs.

WHEREFORE Plaintiffs demand judgment against defendants as follows:

A.     As to Al Irby, FRS, PMG and PMG Sports, for compensatory and punitive damages together with costs, interest and attorney fees for breach of fiduciary duties;

B.     As to Al Irby, FRS, PMG and PMG Sports for compensatory and punitive damages for misappropriation of plaintiffs' funds;

C.     For compensatory and punitive damages together with costs, interest and attorney fees for conversion of plaintiffs' funds;

D.     Such other damages as the court shall deem appropriate.

### COUNT EIGHT

#### Misrepresentation as to Al Irby

68.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 of the herein complaint as if fully set forth herein.

69.     In August 2002, Defendant Al Irby transferred $500,000 from Plaintiffs' money market account into a newly created Robert Baird account. Defendant Al Irby advised Plaintiffs that their Northwestern Mutual Life insurance premiums would be withdrawn directly from the Robert Baird Account as they became due.

70.     Defendant Irby also advised that the $500,000 initially deposited into said account would pay Plaintiffs' life insurance premiums for the rest of their lives. Defendant Irby represented that the decision to transfer the funds was based on the fact that the Baird account was paying great rates.

14

71.     Said representations made by Defendant Al Irby were false, in that the interest rate on the Baird account was variable.  Plaintiffs relied upon defendant Irby's representation and permitted the transfer of said funds.

72.     As a result, Plaintiffs lost approximately $20,000 within the first month the account was opened.  Plaintiffs had been gaining moderate interest in the money market account from which the funds had been transferred.

WHEREFORE Plaintiffs demand judgment against defendant Al Irby as follows:

A.      For compensatory and punitive damages together with costs, interest and attorney fees for misrepresentation;

B.      Such other damages as the court shall deem appropriate.

## COUNT NINE

### Negligence as to FRS, PMG and PMG Sports, Inc.

73.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15, 65 –72 of the herein complaint as if fully set forth herein.

74.     During the period between 1998 and 2002, defendants Irby, Clarke, FRS, PMG and PMG Sports Inc. negligently managed the financial affairs.

75.     As a result of defendants' negligence, plaintiffs suffered economic damages.

WHEREFORE Plaintiffs demand judgment against defendants FRS, PMG and PMG Sports, Inc., jointly, severally or alternatively, for such damages as would reasonably compensate them under the applicable laws together with pre and post judgment interest and costs of suit.

## COUNT TEN

### Breach of Contract as to Al Irby, FRS, PMG and PMG Sports, Inc.

76.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 of the herein complaint as if fully set forth herein.

77.    In or about 2000, defendants Al Irby, FRS, PMG Sports, Inc. and PMG become particularly inattentive to the plaintiffs' financial affairs, resulting in failure to monitor and modify plaintiffs' investment portfolio during the steady decline in the stock market causing them to lose significant sums of money and untimely tax preparation.

78.    Despite repeated attempts by plaintiffs to contact defendant Irby to discuss financial matters, defendant would not contact them for extended periods of time.

79.    Said actions or inactions amount to a breach of defendants' duty of due diligence in the management of plaintiffs' financial matters as their financial advisors pursuant to their agreement.

WHEREFORE Plaintiffs demand judgment against defendants Al Irby, FRS, PMG and PMG sports, Inc. for compensatory damages together with interest, costs and attorney fees.

## COUNT ELEVEN

### Breach of Contract as to FRS

80.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 of the herein complaint as if fully set forth herein.

81.    In or about 1996, Plaintiffs made a loan of $150,000 to Defendant FRS.

82.    Plaintiffs agreed that Defendant FRS would make periodic interest payment of the loan, and would repay the principal portion at the rate of $50,000 per year by deducting this amount from fees owed to defendant in 1998, 1999 and 2000.

83.    In or about July 998, Defendant FRS was paid $50,000 less fees to offset the principal repayment that was due in 1998.  Defendant has not made any additional payments.

16

84.    Defendant FRS has breached the terms of repayment of the aforementioned loan. Despite repeated demands for payment, defendant has refused to do so.

WHEREFORE Plaintiffs demand judgment against the defendant FRS for the sum of $100,000 together with interest, costs and attorney fees.

## COUNT TWELVE

### Negligent Supervision as to FRS, PMG and PMG Sports, Inc.

85.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 84 of the herein complaint as if fully set forth herein.

86.    The actions of the defendant Al Irby as described in paragraphs hereinabove were done within the scope of his employment and as an agent of FRS, PMG and PMG Sports, Inc.

87.    Defendants FRS, PMG and PMG Sports, Inc. failed to supervise and oversee the activities of Defendant Irby.

88.    Further, defendants FRS, PMG and PMG Sports Inc. failed to implement proper safeguards to prevent the mishandling, neglect and/or intentional misappropriation of funds by its employees and agents.

89.    As a direct and proximate result of the negligence of FRS, PMG and PMG Sports, Inc. plaintiffs have suffered economic damages.

WHEREFORE Plaintiffs demand judgment against defendant FRS, PMG and PMG Sports, Inc., jointly, severally or alternatively, for such damages as would reasonable compensate hem under the applicable laws together with costs and pre and post judgment interest.

Dated: 6 - 3 - 04

Roland G. Hardy, Jr., Esq.
Attorney for Plaintiffs

17

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues.

Dated: 6·3-04

_____
Roland G. Hardy, Jr., Esq.
Attorney for Plaintiffs

## CERTIFICATION

The undersigned, by full age, hereby certifies that:

1. I am an attorney licensed to practice law in the State of New Jersey and am responsible for handling the herein matter on behalf of the plaintiffs.

2. To the best of my knowledge and information, the within action is not the subject of any other action pending in any court, nor are any arbitration proceedings contemplated.

3. To the best of my knowledge and information, there are no other parties who should be joined in this action at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any statements made by me is willfully false, I am subject to punishment.

Dated: 6·3-04

_____
Roland G. Hardy, Jr., Esq.
Attorney for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Roland G. Hardy, Jr., Esq., is hereby designated as trial counsel.

Dated: 6·3-04

_____
Roland G. Hardy, Jr., Esq.
Attorney for Plaintiffs