IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND LANKFORD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>E. ALBERT IRBY, et al.,<br><br>Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 04-2636 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

This matter comes before the Court on plaintiffs Raymond and Yolanda Lankford's ("Plaintiffs") motion for summary judgment against defendants Alpha Pacific, LLC ("Alpha Pacific"); Frank L. Ketschek ("Ketschek"); and Gary W. Waldo ("Waldo"), pursuant to Fed. R. Civ. P. 56(c). Plaintiffs brought a cause of action against defendants Alpha Pacific, Ketschek, and Waldo (Alpha Pacific, Ketschek and Waldo will be referred to collectively as the "Defendants"), among others, for fraud, theft, conversion, breach of fiduciary duty and breach of contract. (Second Amended Complaint ("SAC"), ¶¶ 47-51, 60-65.) Plaintiffs seek repayment of a $475,000 loan made from Raymond Lankford's investment account (through his financial manager Defendant E. Albert Irby) to Alpha Pacific. Plaintiffs also seek (1) an additional $100,000 that Alpha Pacific pledged to pay Plaintiffs "for the use of [Plaintiffs'] monies" after Alpha Pacific failed to timely

repay its loan and (2) attorney's fees and costs associated with the recovery of such funds. For the following reasons, Plaintiffs' motion for summary judgment will be granted in part and denied in part:

**THE COURT FINDS** as follows:

1. Plaintiffs are husband and wife and individuals residing in St. Louis, Missouri.[1] Between December 1, 1999 and October 30, 2002, E. Albert Irby ("Irby") and First Round Sports, Inc. served as a sports agent and financial manager for plaintiff Raymond Lankford.

2. Defendant Alpha Pacific is a limited liability corporation located in Audubon, New Jersey purportedly engaged in the business of investment banking. Defendants Ketschek and Waldo, individuals with business addresses in Audubon, New Jersey, are both officers and principals of Alpha Pacific.

3. Plaintiffs allege that Defendants, co-defendant Dale Irby and co-defendant named Vaughn C. Brennan, Esq. (attorney and agent for Alpha Pacific) fashioned a scheme to defraud Plaintiffs of certain funds. (SAC ¶ 48.) According to Plaintiffs, Defendants, Dale Irby and Brennan entered into an agreement dated March 27, 2000, whereby $475,000 of Plaintiffs' funds were to be transferred from Plaintiffs' Merrill Lynch fund and deposited

[1] Raymond Lankford was a major league baseball player for the St. Louis Cardinals. (SAC ¶ 23.)

into Brennan's attorney trust account to be used "for the guarantee of a Treasury-Backed Surety Bond in the amount of $50,000,000 to be placed by First Fidelity Surety, Inc." (Id.; Pl.'s Br. at Ex. 1.) In the letter agreement, the Defendants guaranteed that the $475,000 would not be spent until a surety had been secured. (Pl.'s Br. at Ex. 1.) In the event Alpha Pacific was unsuccessful in obtaining a loan on the Surety, Plaintiffs' funds were to be returned by May 1, 2000. (Id.)

4. According to the SAC, Plaintiffs' agent Irby relied on Defendants' representation when he transferred the funds to Defendants' attorney, Brennan. (Id. ¶ 62.) According to Plaintiffs, while the funds were not to be spent or otherwise allocated until the Surety was secured, the "funds have been disposed of by Defendants for personal gain." (Id. ¶ 63.)

5. On October 4, 2000, Waldo, on behalf of Alpha Pacific, sent Plaintiffs' agent Irby a letter (1) acknowledging that on April 1, 2000 Raymond Lankford provided temporary bridge capital to Alpha Pacific and that a note memorializing the loan was executed; (2) that the note bore no interest and was for a 30 day term; (3) that Alpha Pacific faced problems with an investment it made with the $475,000, was pursuing legal action with respect to the investment, but was unable to pay back the funds in a timely fashion because the firm was in a "'cash crunch position,' which precluded [Alpha Pacific] from repaying Mr. Lankford's note

within its stated time frame." (Pl.'s Br. at Ex. 3.) The letter also stated that, by October 10, 2000 Alpha Pacific would return the original $475,000 "plus an additional $100,000 to replace any return [Lankford] might have lost while the money was unavailable to him." (Id.) It appears that this money was never returned to Lankford's account as promised in Waldo's letter.

6. Plaintiffs' SAC was filed on January 26, 2005 alleging fraud, theft, conversion, and breach of fiduciary duty (SAC ¶¶ 47-51) and breach of contract (SAC ¶¶ 60-65). [Docket Item No. 31.] Plaintiffs filed this motion for summary judgment against these Defendants on November 11, 2005. [Docket Item No. 62-1.] The motion is unopposed.

7. On a motion for summary judgment, the court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999)(citing Fed. R. Civ. P. 56(c)). A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the nonmoving party fails to oppose the motion by evidence such as written objection, memorandum, or affidavits, the court "will accept as true all material facts set forth by the moving party with appropriate record support." Anchorage Assocs. v. Virgin

Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990)(quoting Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989)). If the nonmoving party has failed to establish a triable issue of fact, summary judgment will not be granted unless "appropriate," and only if movants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); see Anchorage Assocs., 922 F.2d at 175.

8. There is no disputed issue of fact as to the terms of the loan agreement between Lankford and Alpha Pacific LLC and that Alpha Pacific LLC was obligated to repay the borrowed funds to Plaintiffs. In the October 1, 2000 letter to Irby, Alpha Pacific, through Waldo, acknowledged that it borrowed $475,000 from Lankford on April 1, 2000 and was required to repay the funds by May 1, 2000. (Pl.'s Br. at Ex. 1.) It is also undisputed that Defendant Alpha Pacific breached the March 27, 2000 agreement, as Waldo admits, in the October 4, 2000 letter, that Alpha Pacific failed to repay the funds in a timely manner. (Id.) Because there is no dispute that a loan agreement existed between the parties and that Defendant Alpha Pacific breached the agreement, this Court finds Alpha Pacific is liable to Plaintiffs for the full amount of the loan. This amount consists of principal in the amount of $475,000 and interest (calculated at a reasonable rate beginning May 1, 2000, the first day Defendant Alpha Pacific was in default). The loan agreement fails to specify a rate of interest, and Plaintiffs will have an

opportunity, if interest is sought, to file a supplemental motion within ten (10) days specifying the rate of interest soughT and the legal basis for it.

9. Plaintiffs also ask the Court to grant summary judgment for the additional $100,000 Defendant Alpha Pacific stated it would pay to Lankford in its October 4, 2000 letter. Specifically, Defendants stated that, in addition to repaying the $475,000 principal loan amount, Defendants would pay Plaintiffs "an additional $100,000 to replace any return [Lankford] might have lost while the money was unavailable to him." (Pl.'s Br. at Ex. 3.)

10. Here, the Court concludes that summary judgment is not appropriate with respect to the "additional $100,000" pledged by Defendants in their October 4, 2000 letter. Unlike the principal amount of $475,000 - which Plaintiffs allege was loaned to Defendants and such loan memorialized in a valid agreement and that Plaintiffs relied on when determining whether to make the loan to Defendants - Plaintiffs have failed to allege that the October 4, 2000 letter created a valid contract or that Plaintiffs relied upon it. Thus, the Court finds that material issues of fact exist as to the circumstances behind Defendants' October 4, 2000 pledge of an additional $100,000 (which purportedly represents compensation for Alpha Pacific's use of Plaintiffs' funds.) As such, the Court will deny Plaintiffs

summary judgment motion with respect to the $100,000 pledged by Defendants in their October 4, 2000 letter.

11. In their motion, Plaintiffs also seek reasonable attorneys fees and costs. Under New Jersey law, attorney's fees may be recovered pursuant to an express term in a contract. In Papalexiou v. Tower West Condominium, 167 N.J. Super. 516, 530 (Ch. Div. 1979), the Chancery Division of the New Jersey Superior Court held:

> [t]here is a general rule that there may be no recovery for legal expenses in an action for breach of contract unless statute, court rule, or contract provide otherwise.

167 N.J. Super. at 530 (quoting Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super 206, 215 (App. Div. 1979)(internal citations omitted)). Here, Plaintiffs have failed to prove their contractual claim for reasonable attorney's fees and costs. Plaintiffs have presented no evidence in any of the three letters between various parties (including the March 27, 2000 letter agreement) or any agreement between the parties stating, in the event of a breach of the agreement by Defendants, that Plaintiffs would be entitled to recover attorney's fees and/or costs. Moreover, this Court finds there is no record support for quantifying this request (such as an affidavit from Plaintiffs' counsel detailing the calculation of counsel's billings to Plaintiffs for legal services in this collection case or even the net amount of the legal bills charged to Plaintiffs for this

case.) As such, the Court will deny Plaintiffs' request for attorney's fees and costs.

12. Finally, Plaintiffs seek summary judgment as to all three Defendants, including Ketschek and Waldo, individually. It is undisputed that both Ketschek and Waldo are principals in Alpha Pacific (Ketschek is identified as a "director" of Alpha Pacific in a letter from Plaintiffs' agent, Irby.) Under New Jersey law, a "corporate shareholders or officers may be held personally liable for the corporation's violation of the law where the officer has participated in the wrongful acts of the corporation or where the court finds that it is appropriate to pierce the corporate veil." New Jersey Dept. Env't Prot. v. Gloucester Env't Mgmt. Serv., Inc., 800 F. Supp. 1210, 1219 n. 9 (D.N.J. 1992)(noting that in order to pierce the corporate veil, evidence must be presented to show that the corporation is a "sham" which existed to avoid personal liability of the officers.) "The effect of piercing the corporate veil is to hold the owner of the corporation liable and the rationale for piercing...is that the corporation is something less than a bona fide independent entity." Platinum Links Ent'mt v. Atlantic City Surf Prof. Baseball Club, Inc., 2006 U.S. Dist. LEXIS 36652, *62 (D.N.J. May 23, 2006). In this case, however, Plaintiffs have failed to present any facts or even advance any argument regarding why the Court should grant summary judgment against

Ketschek and Waldo, personally, in addition to Alpha Pacific. It appears that the loan agreement was made between Plaintiffs' agent and Alpha Pacific (with Ketschek signing the letter agreement in his capacity as a director of Alpha Pacific), not with either Ketschek or Waldo individually. Further, Plaintiffs have presented no evidence that Alpha Pacific is a "sham."[2] As such, even though this motion is unopposed, because there is no record support demonstrating that these individuals should be held personally liable, this Court finds that genuine issues of material fact exist as to the liability Ketschek and Waldo and thus the Court will deny Plaintiffs' motion for summary judgment as to the issue of liability as to Ketschek and Waldo, personally.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for summary judgment will be granted in part and denied in part. The Court will grant Plaintiffs' motion with respect to Defendant Alpha Pacific's liability for the original loan principal amount ($475,000) plus a reasonable interest rate calculated from May 1, 2000. Because Plaintiffs have failed to present any evidence or advance an arguments as to why Ketschek and Waldo should be held

[2] While Ketschek and Waldo cannot avoid liability for their own acts and omissions, again Plaintiffs have presented no evidence and have failed to advance any arguments that Ketscheck or Waldo did any acts that warrant liability, such as pocketing the money for personal use.

personally liable for the breach of contract by Alpha Pacific, this Court will deny Plaintiffs' motion for summary judgment with respect to Defendants Ketschek and Waldo. Similarly, because Plaintiffs have failed to provide any evidence or advance any argument regarding why the letter of October 4, 2000 constitutes a valid contract that Defendants breached, summary judgment is denied with respect to the additional $100,000 claim. Finally, because Plaintiffs have failed to provide record support for why Plaintiffs are entitled to reasonable attorney fees and costs, this Court will deny Plaintiffs' motion as to attorney fees and costs.

The accompanying Order is entered.

**September 29, 2006**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge